UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL STITT, | ) | Case No.: 1:24 CV 1562 |
|     Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
|     Defendant | ) | <u>ORDER</u> |

## I. INTRODUCTION

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff Daniel Stitt ("Plaintiff" or "Stitt"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James E. Grimes ("Magistrate Judge" or "Judge Grimes") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff argued that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence, because the medical opinion of Lisa Higginbotham, OTR/L was not properly considered. (ECF No. 8.) The Commissioner sought final judgment affirming the decision below. (ECF No. 10.)

Judge Grimes submitted an R & R (ECF No. 12) on March 28, 2025, recommending that the court affirm the Commissioner's final decision. On April 11, 2025, Plaintiff filed his Objection to

the R & R. (ECF No. 13.) Plaintiff argues that Judge Grimes erred in concluding that the ALJ properly considered the medical opinions. (Pl. Obj. at PageID 2164.) The Commissioner filed a Response to Plaintiff's Objection (ECF No. 14) on April 15, 2025, requesting that the court adopt the Magistrate Judge's R & R in full, and affirm the ALJ's decision. For the following reasons, the court adopts Judge Grimes's R & R, and affirms the Commissioner's final decision.

## II. ANALYSIS

Plaintiff contests Judge Grimes's finding that the ALJ sufficiently explained why he rejected Lisa Higginbotham's, OTR/L, opinion that Stitt could not work full-time due to his need to alternate sitting and standing positions. In his Objections to the R & R, Plaintiff argues that the ALJ did not mention Ms. Higginbotham's opinion on Stitt's sit/stand limitation, nor provide a reason for rejecting it. (Pl. Obj. at PageID 2164–65.) Further, Plaintiff challenges Judge Grimes's conclusion that Stitt did not explain how Ms. Higginbotham's opinion amounts to an "alternate positions" limitation, nor how it conflicts with the ALJ's residual functional capacity ("RFC") assessment. (*Id.*)

When determining a claimant's RFC, the ALJ evaluates several factors, including the medical evidence (not limited to medical opinion testimony), and the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The Social Security regulation explains that, although opinions from medical sources can be used when determining issues such as residual functional capacity, the final responsibility for deciding a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). However, if an ALJ's RFC assessment contradicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) (citing SSR 96-8p, 1996 WL 374184, at *7).

Here, the ALJ determined that Stitt had a residual functional capacity to perform sedentary work with some limitations, and that his RFC was "consistent with the mental and physical demands of the claimant's past relevant work[.]" (Tr. ALJ Op. at PageID 48, 59, ECF No. 5.) Specifically, the ALJ found that Stitt could perform sedentary work except:

> [F]requent push or pull with the bilateral upper and lower extremities; frequent handling, fingering, or feeling, bilaterally; occasional climbing of ramps or stairs; never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; can never work at unprotected heights, with dangerous moving machinery, or commercial driving; no more than frequent exposure to extreme cold, heat, or vibration; and requires a cane for ambulation.

(*Id.* at PageID 48.) In making this RFC assessment, the ALJ considered the objective medical evidence, other evidence, as well as the medical opinions and prior administrative medical findings. (*Id.*) The ALJ summarized Ms. Higginbotham's functional capacity evaluation of Stitt as follows:

> The functional capacity evaluation dated September 16, 2021 (by Lisa Higginbotham, OTR/L), indicates that the claimant provided consistent and reliable effort 100% of the time (10F/5); he is restricted from work due to impaired safety with balance and ambulation, as well as impaired gross and fine motor ambulation (10F/6). The evaluation concluded that the claimant is capable of sedentary exertion on a full-time basis, but must "avoid" walking, above shoulder reaching, postural activities, climbing, and fine/gross coordination; he can perform occasional reaching, firm grasping, and pinching; and he can perform frequent simple grasping (10F/15). The specific findings from the evaluation include that he had some reduced strength with shoulder flexion, elbow flexion, supination, pronation, wrist flexion and wrist extension bilaterally; however, he was within functional limitations as to active range of motion and he was unremarkable as to the other areas of strength (10F/10).

(*Id.* at PageID 55.) The ALJ then explained, that:

> The portion of Dr. Khalafi and Ms. Higginbotham's opinions noting that the claimant is disabled and unable to return to work, are not

> persuasive because those issues are reserved to the Commissioner. The portions of their opinions noting that the claimant is limited to sedentary exertion are persuasive because they are consistent with the complete record, including the persuasive opinions of the state agency medical consultants and the more complete record. The portions of their opinions noting that the claimant must "avoid" walking, above shoulder reaching, postural activities, climbing, and fine/gross coordination; he can perform occasional reaching, firm grasping, and pinching; and he can perform frequent simple grasping, are not entirely consistent with the record. While the record supports some degree of limitations, it is not entirely consistent with the relatively extreme degree of limitations they noted.

(*Id.*) Judge Grimes determined that this discussion, particularly the ALJ's statement that, "[t]he portion of Dr. Khalafi and Ms. Higginbotham's opinions noting that the claimant is disabled and unable to return to work, are not persuasive because those issues are reserved to the Commissioner[,]" was a sufficient explanation for why the ALJ rejected Ms. Higginbotham's opinion that Stitt must alternate sitting and standing. (R & R at PageID 2157–58.) Stitt argues this explanation is insufficient because the ALJ did not explicitly mention Ms. Higginbotham's sit/stand findings, nor her opinion that "[Mr. Stitt] is presently unable to work full time while taking into *account his need to alternate sitting and standing*[.]" (Pl. Obj. at PageID 2165.) As such, Plaintiff contends that the ALJ's conclusions are based on "selective reading and mischaracterization of the record[,]" which constitutes an error. (*Id.* (citing *Geer v. Comm'r of Soc. Sec.*, No. 3:23-CV-00009-JJH, 2023 WL 9268483, at *11 (N.D. Ohio Nov. 20, 2023), *report and recommendation adopted*, No. 3:23-CV-9, 2023 WL 9270498 (N.D. Ohio Dec. 7, 2023).)

In *Geer*, the court vacated the ALJ's decision denying benefits because the ALJ improperly evaluated three different medical opinions by mischaracterizing or failing to address contrary evidence, and by neglecting to explain how some medical findings render an opinion inconsistent.

*Id.* at *9–14. One of the opinions was from the claimant's occupational therapist. In reviewing the ALJ's discussion of this source's opinion, the court found that the ALJ neglected to address a finding that contradicted the ALJ's conclusion, and failed to articulate the consistency factor required by agency regulations. *Id.* at *14.

Here, the ALJ did not directly quote Ms. Higginbotham's findings on how long Stitt could sit and stand in one day, nor for how long at one time. Even so, this omission is distinguishable from those in *Geer* as the ALJ did properly articulate the consistency of Ms. Higginbotham's opinion with others in the record, and explain why the opinions related to Stitt's sit/stand needs were not further considered. For example, the ALJ directly referenced Ms. Higginbotham's opinion about Stitt's inability to return to work due to his need to alternate sitting and standing, when he wrote: "The portion of Dr. Khalafi and Ms. Higginbotham's opinions noting that the claimant is disabled and unable to return to work, are not persuasive because those issues are reserved to the Commissioner." (Tr. ALJ Op. at PageID 55.) As the Magistrate Judge concluded, this explanation is sufficient under the regulations. *See* 28 U.S.C. § 404.1520b(c)(3)(I), (vi) (defining "[e]vidence that is inherently neither valuable nor persuasive" as "[s]tatements on issues reserved to the Commissioner," including "whether [a claimant] [is] or [is] not disabled, … able to work, or able to perform regular or continuing work," and "whether or not [his] residual functional capacity prevents [him] from doing past relevant work.").

Even if Ms. Higginbotham's sit/stand findings were not on issues reserved to the Commissioner, the ALJ's evaluation of Ms. Higginbotham's overall medical opinion comports with regulatory requirements because he explains how the opinion aligns, or fails to align, with the source's own records and the broader medical evidence. *Grant v. Comm'r of Soc. Sec.*, No.

1:22-CV-01805-JPC, 2023 WL 6004636 (N.D. Ohio Aug. 3, 2023), *report and recommendation adopted*, No. 1:22-CV-01805, 2024 WL 338864 (N.D. Ohio Jan. 30, 2024).

In *Grant*, the plaintiff argued the ALJ erred in evaluating his treating physician's statement on how long the plaintiff could sit and stand before alternating positions. 2023 WL 6004636, at *9. The court concluded that the ALJ's decision on this medical opinion, while thin in some areas, adequately addressed supportability and consistency because the ALJ cited to relevant exhibits capturing the source's pertinent treatment notes, and explained how the opinion was inconsistent with other evidence in the record. *Id.* at *10. Here, the ALJ also sufficiently discussed Ms. Higginbotham's opinion by citing to the relevant parts of her report, and then addressing the supportability and consistency factors. As noted above, the ALJ explained that, "[t]he portions of [Higginbotham's] opinions noting that the claimant is limited to sedentary exertion are persuasive because they are consistent with the complete record, including the persuasive opinions of the state agency medical consultants and the more complete record. [...] While the record supports some degree of limitations, it is not entirely consistent with the relatively extreme degree of limitations they noted." (Tr. ALJ Op. at PageID 55.) This explanation is comparable to that approved by the *Grant* court, and consistent with the regulation's requirements. Accordingly, the court overrules Plaintiff's objection to the ALJ's evaluation of Ms. Higginbotham's opinion.

The court also overrules Plaintiff's objection to the Magistrate Judge's conclusion that Stitt failed to explain how Ms. Higginbotham's opinion amounts to an "alternate positions" limitation, nor how it conflicts with the ALJ's residual functional capacity ("RFC") assessment. In support of this objection, Plaintiff points to Ms. Higginbotham's statement that, "the unskilled sedentary occupational base is significantly eroded because he is unable to walk occasionally, and stand for

1 hour and 45 minutes." (Pl. Obj. at PageID 2165; Tr. Ex. 10F at PageID 1939.) Reviewing the ALJ's decision as a whole, *see Taylor v. Kijakazi*, No. 1:20-CV-01121, 2021 WL 4477865, at *8 (N.D. Ohio Sept. 30, 2021), the court agrees with the Magistrate Judge that Stitt has not explained how Ms. Higginbotham's findings conflict with the RFC or amount to an "alternate positions" limitation. (R & R at PageID 2158.) Even if construed as an opinion conflicting with the RFC, and therefore requiring separate explanation, the ALJ satisfies the regulatory requirement by stating that, "[w]hile the record supports some degree of limitations, it is not entirely consistent with the relatively extreme degree of limitations [Higginbotham] noted." (Tr. ALJ Op. at PageID 55.) Thus, this objection is overruled.

### III. CONCLUSION

After careful de novo review of the Magistrate Judge's R & R and all other relevant documents in the record, the court finds that Judge Grimes's conclusions are fully supported by the record and controlling case law. Therefore, the court adopts as its own the Magistrate Judge's R & R (ECF No. 12). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 16, 2025